UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT D. BETTEN,<br><br>    Plaintiff(s),<br><br>v.<br><br>ANDREW SAUL,<br><br>    Defendant(s). | Case No.: 2:18-cv-0536-KJD-NJK<br><br>**REPORT AND RECOMMENDATION** |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits pursuant to Title II of the Social Security Act. Currently before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 21. The Commissioner filed a response in opposition, Docket No. 27, and a Cross-Motion to Affirm, Docket No. 26. Plaintiff filed a reply. Docket No. 28.[1] This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.     STANDARDS**

    A.     <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002).

---

[1] The pagination of the briefing is not always consistent with the CM/ECF pagination. Citations herein are to the CM/ECF pagination.

Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id.* To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). Substantial evidence is "more than a mere scintilla," which equates to "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, ___ U.S. ____, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id.* In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the Administrative Law Judge ("ALJ") to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive

and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B.  Disability Evaluation Process

The individual seeking disability benefits bears the initial burden of proving disability. *Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995). To meet this burden, the individual must demonstrate the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). More specifically, the individual must provide "specific medical evidence" in support of his claim for disability. *See, e.g.*, 20 C.F.R. § 404.1514. If the individual establishes an inability to perform his prior work, then the burden shifts to the Commissioner to show that the individual can perform other substantial gainful work that exists in the national economy. *Reddick*, 157 F.3d at 721.

The ALJ follows a five-step sequential evaluation process in determining whether an individual is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987) (citing 20 C.F.R. §§ 404.1520, 416.920). If at any step the ALJ determines that he can make a finding of disability or nondisability, a determination will be made and no further evaluation is required. *See Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see also* 20 C.F.R. § 404.1520(a)(4). The first step requires the ALJ to determine whether the individual is currently engaging in substantial gainful activity ("SGA"). 20 C.F.R. § 404.1520(b). SGA is defined as work activity that is both substantial and gainful; it involves doing significant physical or mental activities usually for pay or profit. 20 C.F.R. § 404.1572(a)-(b). If the individual is currently engaging in SGA, then a finding of not disabled is made. If the individual is not engaging in SGA, then the analysis proceeds to the second step.

The second step addresses whether the individual has a medically determinable impairment that is severe or a combination of impairments that significantly limits him from performing basic work activities. 20 C.F.R. § 404.1520(c). An impairment or combination of impairments is not

severe when medical and other evidence does not establish a significant limitation of an individual's ability to work. *See* 20 C.F.R. §§ 404.1521, 404.1522. If the individual does not have a severe medically determinable impairment or combination of impairments, then a finding of not disabled is made. If the individual has a severe medically determinable impairment or combination of impairments, then the analysis proceeds to the third step.

The third step requires the ALJ to determine whether the individual's impairments or combination of impairments meet or medically equal the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526. If the individual's impairment or combination of impairments meet or equal the criteria of a listing and meet the duration requirement (20 C.F.R. § 404.1509), then a finding of disabled is made. 20 C.F.R. § 404.1520(d). If the individual's impairment or combination of impairments does not meet or equal the criteria of a listing or meet the duration requirement, then the analysis proceeds to the next step.

Before considering step four of the sequential evaluation process, the ALJ must first determine the individual's residual functional capacity. 20 C.F.R. § 404.1520(e). The residual functional capacity is a function-by-function assessment of the individual's ability to do physical and mental work-related activities on a sustained basis despite limitations from impairments. Social Security Rulings ("SSRs") 96-8p.[2] In making this finding, the ALJ must consider all of the symptoms, including pain, and the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence. 20 C.F.R. § 404.1529. To the extent that statements about the intensity, persistence, or functionally-limiting effects of pain or other symptoms are not substantiated by objective medical evidence, the ALJ must evaluate the individual's statements based on a consideration of the entire case record. SSR 16-3p. The ALJ must also consider opinion evidence in accordance with the requirements of 20 C.F.R. § 404.1527.

---

[2] SSRs constitute the Social Security Administration's official interpretations of the statute it administers and its regulations. *See Bray v. Comm'r, Soc. Sec. Admin.*, 554 F.3d 1219, 1224 (9th Cir. 2009). They are entitled to some deference as long as they are consistent with the Social Security Act and regulations. *Id.*

The fourth step requires the ALJ to determine whether the individual has the residual functional capacity to perform his past relevant work ("PRW"). 20 C.F.R. § 404.1520(f). PRW means work performed either as the individual actually performed it or as it is generally performed in the national economy within the last 15 years or 15 years prior to the date that disability must be established. In addition, the work must have lasted long enough for the individual to learn the job and performed at SGA. 20 C.F.R. §§ 404.1560(b), 404.1565. If the individual has the residual functional capacity to perform his past work, then a finding of not disabled is made. If the individual is unable to perform any PRW or does not have any PRW, then the analysis proceeds to the fifth and last step.

The fifth and final step requires the ALJ to determine whether the individual is able to do any other work considering his residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(g). If the individual is able to do other work, then a finding of not disabled is made. Although the individual generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Commissioner. The Commissioner is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the individual can do. *Lockwood v. Comm'r, Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).

**II.      BACKGROUND**

A.      Procedural History

On July 3, 2014, Plaintiff filed an application for disability insurance benefits alleging a disability onset date of December 13, 2013. *See, e.g.*, Administrative Record ("A.R.") 171-72. Plaintiff's claim was denied initially on December 1, 2014, and upon reconsideration on August 16, 2015. A.R. 105-10, 123-28. On September 18, 2015, Plaintiff filed a request for a hearing before an ALJ. A.R. 130-31. On September 26, 2016, Plaintiff, Plaintiff's representative, and a vocational expert appeared for a hearing before ALJ Cynthia R. Hoover. *See* A.R. 41-69. On January 13, 2017, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, through the date of the decision. A.R. 21-40.

On January 31, 2018, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-7.

On March 23, 2018, Plaintiff commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). *See* Docket No. 1.

### B. The Decision Below

The ALJ's decision followed the five-step sequential evaluation process set forth in 20 C.F.R. § 404.1520. A.R. 25-34. At step one, the ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2018, and has not engaged in substantial gainful activity since December 13, 2013. A.R. 26. At step two, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease of the cervical spine, thoracic spine, and lumbar spine; status-post anterior cervical discectomy and fusion; horizontal tear of the medial meniscus of the left knee, status-post arthroscopy; tricompartmental chondromalacia of the right knee; history of left should surgery with supraspinatus tendinosis and mild osteoarthritic changes; and obesity. A.R. 26-27. At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. A.R. 27. The ALJ found that Plaintiff has the residual functional capacity to perform:

> light work as defined by 20 CFR 404.1567(b) except he can lift and/or carry 25 pounds occasionally and 20 pounds frequently; he can stand for six hours out of an eight-hour workday; he can sit for six hours out of an eight-hour workday; he is precluded from climbing ladders, ropes, or scaffolds; he can occasionally climb ramps and stairs; he can occasionally stoop, kneel, crouch, and crawl; he can occasionally perform overhead reaching on the left side; and he must avoid concentrated exposure to vibration and all hazards.

A.R. 27-33. At step four, the ALJ found Plaintiff is not capable of performing past relevant work. A.R. 33. At step five, the ALJ found that jobs exist in significant numbers in the national economy that Plaintiff can perform based on Plaintiff's age, education, work experience, and residual functional capacity. A.R. 33-34. In doing so, the ALJ defined Plaintiff as a younger individual aged 45-49 at the time of the alleged disability onset date with at least a high school education and ability to communicate in English. A.R. 33. The ALJ found the transferability of job skills to be

immaterial. A.R. 33. The ALJ considered Medical Vocational Rules, which provide a framework for finding Plaintiff not disabled, along with vocational expert testimony that an individual with the same residual functional capacity and vocational factors could perform work as a production helper, ticket taker, and parking lot attendant. A.R. 33-34.

Based on all of these findings, the ALJ found Plaintiff not disabled through the date of the decision. A.R. 34.

### III. ANALYSIS AND FINDINGS

Plaintiff raises four issues on appeal. First, Plaintiff argues that the ALJ erred in finding that he did not meet Listing 1.04. Second, Plaintiff argues that the ALJ erred in the RFC formulation with respect to the standing/walking limitation. Third, Plaintiff argues that the ALJ erred in discounting medical opinion evidence. Fourth, Plaintiff argues that the ALJ erred in discounting his own testimony.

#### A. Listing 1.04

Plaintiff argues that the ALJ erred at step three of the analysis by finding that Plaintiff does not meet the medical listings at 1.04A or 1.04B. Mot. at 16-18. The Commissioner responds that the ALJ correctly determined that not all required showings were made for either listing. Resp. at 8-12. The Commissioner has the better argument.

At step three of her analysis, the ALJ must determine whether a claimant's impairment meets or equals an impairment listed in the "Listing of Impairments." The Listings describe specific impairments of each major body system that are considered severe enough to prevent a person from doing any gainful activity, regardless of his or her age, education, or work experience. *See, e.g.*, *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990). Most of these impairments are "permanent or expected to result in death." 20 C.F.R. § 404.1525(c)(4). If a claimant satisfies the requirements for a listing, a finding of disability will be made at this step without further inquiry. *See, e.g.*, *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The burden of proof is on the claimant to establish he or she meets or equals any of the impairments in the Listings. *See id.* at 1098. Each

listing describes the "symptoms, signs, and laboratory findings" the claimant must establish for his impairments to meet the listing. *Id.* at 1099.[3]

Plaintiff first argues that the ALJ erred in concluding that he did not qualify for a finding of disability under Listing 1.04A. That listing describes the criteria that a claimant must meet or equal to merit a conclusive presumption of disability arising out of compromise of a nerve root, providing that such evidence is characterized by (1) neuro-anatomic distribution of pain, (2) limitation of motion of the spine, (3) motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, (4) positive straight-leg raising test (sitting and supine). *E.g.*, *Vossen v. Astrue*, 612 F.3d 1011, 1015 (8th Cir. 2010) (quoting 20 C.F.R. Pt. 404, Subpt. P, App.1, § 1.04A). In this case, the ALJ cited numerous instances in the record showing that Plaintiff did not suffer motor loss. *See* A.R. 29-31; *see also* A.R. 391-92, 386-87, 371-72. Because motor loss is one of the required showings for Listing 1.04A and substantial evidence supports the ALJ's conclusion that there was no motor loss,[4] the ALJ did not err in finding that Plaintiff did not satisfy Listing 1.04A.

Plaintiff next argues that the ALJ erred in concluding that he did not qualify for a finding of disability under Listing 1.04B. That listing describes the criteria that a claimant must meet or equal to merit a conclusive presumption of disability arising out of compromise of a nerve root, providing that such evidence is characterized by spinal arachnoiditis, confirmed by an operative note or pathology report of tissue biopsy, or by appropriate medically acceptable imaging, manifested by severe burning or painful dysesthesia, resulting in the need for changes in position or posture more than once every two hours. *E.g.*, *Campfield v. Comm'r of Soc. Sec.*, 228 F. Supp. 3d 87, 109 (D.D.C. 2016) (quoting 20 C.F.R. Pt. 404, Subpt. P, App.1, § 1.04B). In short, Listing

---

[3] As a threshold matter, the Court is not persuaded by Plaintiff's argument that the ALJ provided insufficiently developed reasoning under the step three heading of her opinion. Mot. at 16-17. An ALJ is required to discuss and evaluate evidence that supports her conclusion; she is not required to do so under any specific heading. *Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001).

[4] In reply, Plaintiff points to notations in the record to 4/5 motor strength. *See* Reply at 2. Plaintiff does not explain why the existence of such notations requires a finding that the ALJ's conclusion was not based on substantial evidence. *Cf. Valerie E. v. Comm'r of Soc. Sec.*, 2019 WL 2245009, at *3 (D. Or. May 23, 2019) (concluding that ALJ did not err in finding no motor loss for Listing 1.04A analysis notwithstanding notation in record of 4/5 motor strength).

1.04B specifically identifies the type of evidence necessary to establish arachnoiditis: (1) confirmation by an operative note or pathology report of tissue biopsy or (2) confirmation by appropriate medically acceptable imaging. The reason for this documentation requirement is clear, as "[a]rachnoiditis is sometimes used as a diagnosis when such a diagnosis is unsupported by clinical or laboratory findings." *Paulson v. Comm'r of Soc. Sec.*, 2008 WL 11385497, at *5 (D. Or. July 11, 2008) (quoting 20 C.F.R. Pt. 404, Subpt. P, App.1, § 1.00K), *adopted*, 2008 WL 11385510 (D. Or. Aug. 22, 2008), *aff'd*, 368 Fed. Appx. 758, 761 (9th Cir. Feb. 26, 2010). As such, "care must be taken to ensure the diagnosis is documented as described in 1.04B." *Id.* In this case, Plaintiff points to Dr. Lee's diagnosis that Plaintiff had arachnoiditis without identifying any diagnostic evidence of such a finding. *See* Reply at 2-3. Plaintiff asserts without citation or elaboration that the Court should simply accept Dr. Lee's diagnosis as sufficient. *See id.*[5] The undersigned declines to do so. The plain language of Listing 1.04B makes clear that a diagnosis alone is insufficient and, instead, the arachnoiditis must be confirmed by one of the specified diagnostic tests. *Paulson*, 368 Fed. Appx. at 761 (affirming conclusion that ALJ did not err in finding Listing 1.04B not satisfied because the claimant's "medical record contains various medical images of [his] back and related medical findings, none of which mention spinal arachnoiditis"). Plaintiff did not identify such diagnostic evidence. The ALJ did not err in finding that Plaintiff did not satisfy Listing 1.04B.

Accordingly, the undersigned finds that the ALJ did not err at step three in finding that Plaintiff did not meet or equal the Listing 1.04 criteria.

B.   RFC Formulation

Plaintiff next challenges the ALJ's inclusion in the residual functional capacity of a limitation that he is able to stand and/or walk for six hours in a workday given that such a finding

---

[5] In reply, Plaintiff argues that the listing is met because Dr. Lee reviewed Plaintiff's MRI and then later diagnosed him with arachnoiditis. *See* Reply at 2. Timing is important here. Dr. Lee reviewed the MRI results with Plaintiff on October 15, 2015. *See* A.R. 515-18. Nowhere in that documentation does Dr. Lee make a finding of arachnoiditis. Instead, Dr. Lee renders the arachnoiditis diagnosis nearly a year later, on August 18, 2016. *See* A.R. 564-67. Dr. Lee gives no hint that the diagnosis is based on the MRI results from ten months earlier. *See id.* Plaintiff fails to explain how in these circumstances the MRI could serve as the requisite diagnostic evidence on which Listing 1.04B could be satisfied.

9

was inconsistent with all of the medical opinion evidence. *See* Mot. at 22. The Commissioner counters that the ALJ properly made such a finding based on her own review of the "record as a whole." Resp. at 16. Plaintiff has the better argument.

It is ultimately for the ALJ to determine a claimant's RFC. 20 C.F.R. § 404.1527(d)(2). Nonetheless, that RFC formulation must be supported by substantial evidence. *See Biestek*, 139 S. Ct. at 1154. An ALJ may not render her own medical opinion and is not empowered to independently assess clinical findings. *See, e.g.*, *Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999); *Banks v. Barnhart*, 434 F. Supp. 2d 800, 805 (C.D. Cal. 2006). Moreover, an ALJ's rejection of examining doctors' opinions must be supported by "clear and convincing reasons" if they are uncontradicted and by "specific and legitimate" reasons if they are contradicted. *See, e.g.*, *Widmark v. Barnhart*, 454 F.3d 1063, 1066-67 (9th Cir. 2006). Although neither party has cited any case law specific to this issue,[6] courts within the Ninth Circuit routinely find error where an ALJ rejects all medical source opinions and formulates an RFC based on the ALJ's own interpretation of the medical record. *See, e.g.*, *Michelle Ann H. v. Comm'r of Soc. Sec.*, 2019 WL 943395, at *10 (E.D. Wash. Feb. 26, 2019); *Mallard v. Berryhill*, 2019 WL 498982, at *10-11 (E.D. Cal. Feb. 8, 2019); *Steven M. v. Comm'r of Soc. Sec.*, 2018 WL 4725268, at *6 (E.D. Wash. Sept. 14, 2018); *Loza v. Berryhill*, 2018 WL 4350071, at *6 (E.D. Cal. Sept. 10, 2018); *Kohlbatz v. Berryhill*, 2018 WL 2059645, at *4-5 (C.D. Cal. Apr. 30, 2018); *McLaughlin v. Colvin*, 2013 WL 4208764, at *3-4 (C.D. Cal. Aug. 14, 2013); *Stairs v. Astrue*, 2011 WL 318330, at *12-13 (E.D. Cal. Feb. 1, 2011). Indeed, this Court has found error when an ALJ departs from the medical opinion evidence by incorporating a different limitation into the RFC based on the ALJ's own evaluation of the "record as a whole." *Korinek v. Colvin*, 2016 WL 11184244, at *5 (D. Nev. May 6, 2016), *adopted*, 2017 WL 1377648, at *2 (D. Nev. Apr. 13, 2017).

In this case, the ALJ formulated the RFC to include a six-hour standing/walking limitation even though all of the medical opinions reflect a standing/walking limitation of four hours or less.

---

[6] In their respective briefs, neither party identified any case law addressing this issue. *See* Mot. at 22; Resp. at 16; Reply at 4-5. When robust case law exists on the particular issue in dispute, the Court expects counsel to cite and discuss it.

10

*See* A.R. 80 (four hours), 96 (four hours), 373 (four hours), 563 (less than two hours), 570 (less than two hours). In rejecting all of the medical opinion evidence and reaching a different conclusion, the ALJ explained *in toto* as follows:

> I reject the limitations with respect to standing and walking because these are unsupported by the record (*see* Ex. 9F/6, Ex. 2A/10, and Ex. 5A/10). While some of the notes documented the claimant's use of a cane for ambulation, the findings from the physical examinations did not document any neurological deficits in the lower extremities.

A.R. 32-33. No further explanation is provided, including any indication how the reasoning articulated supports an RFC formulation in particular that Plaintiff can stand or walk for six hours in a workday.

The ALJ's conclusion that Plaintiff can stand or walk for six hours is not supported by substantial evidence. No medical opinion supports that conclusion and the ALJ rejected all of the opinions based on the conclusory assertion that they were unsupported by the record. Such vague reasoning is plainly insufficient. *See Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988); *see also Korinek*, 2016 WL 11184244, at *5. The ALJ then opined that a six-hour standing/walking limitation is proper based on her own review of the medical record. Of course, "[t]he fact that plaintiff is able to walk does not explain how *long* he is able to walk or stand." *Hystad v. Berryhill*, 2018 WL 4091034, at * 3 (W.D. Wash. Aug. 28, 2018) (emphasis in original). The ALJ failed to provide any meaningful explanation why a six-hour standing/walking limitation is appropriate based on the reason advanced (*i.e.,* the lack of documentation of neurological deficits in the lower extremities). In light of the consensus of medical opinions that Plaintiff cannot stand or walk for six hours, the ALJ's undeveloped interpretation of the medical evidence to the contrary is not supported by substantial evidence. *Cf. Korinek*, 2016 WL 11184244, at *5.[7]

Having found error, the undersigned next turns to whether it is harmless. An ALJ's error is harmless where it is "inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). The Commissioner argues that the error is harmless

---

[7] The Commissioner's responsive brief notes that an RFC assessment need not match any particular medical opinion. Resp. at 16. To be clear, this is not a case in which physicians provided divergent opinions and the ALJ landed somewhere in the middle of the spectrum. Instead, the ALJ formulated a standing/walking limitation outside the range of the physician opinions.

11

as "light work" jobs might not require six hours of standing and/or walking.  Resp. at 16-17.[8] Plaintiff counters that the improper RFC limitation is harmful because it infected the process of step five by presenting an improper hypothetical to the vocational expert.   Reply at 5.  Plaintiff has the better argument.

"[T]he Commissioner, through the ALJ, must determine the claimant's 'residual functional capacity,' a summary of what the claimant is capable of doing (for example, how much weight he can lift)." *Valentine v. Comm'r of Social Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).  "The ALJ may . . . pose to a vocational expert a hypothetical incorporating the residual functional capacity determination ('RFC'); the expert then opines on what kind of work someone with the limitations of the claimant could hypothetically do." *Id.* "If the assumptions of the hypothetical are not supported by the record, the opinion of the vocational expert that claimant has a residual working capacity has no evidentiary value." *Embrey*, 849 F.2d at 422.  As such, courts routinely find harmful error when an improper RFC limitation infects the hypotheticals that are presented to the vocational expert.  *See, e.g. Deen v. Colvin*, 214 F. Supp. 3d 1000, 1007 (W.D. Wash. 2016).

Similarly here, the undersigned finds the error in the RFC formulation was harmful because it impacted the step-five determination.[9]  Given that the six-hour standing/walking limitation in the RFC was not based on substantial evidence, the appropriate course is for the ALJ to determine a new standing/walking limitation that is supported by substantial evidence and then present that limitation to the vocational expert to determine what jobs (if any) were performable by Plaintiff during the pertinent time period.  The undersigned finds harmful error in this case based on the lack of a valid vocational expert opinion.

---

[8] The Commissioner assumes that the ALJ would adopt a four-hour limitation. *See* Resp. at 17.  Relying on case law outside the harmless error context, the Commissioner then asserts that light work jobs are not necessarily inconsistent with that more restrictive standing/walking limitation. *See* Resp. at 16-17.  At the same time, some jobs within the light work range do indeed require standing and/or walking for six hours.  SSR 83-10 ("the full range of light work requires standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday").  Notwithstanding the Commissioner's speculation on appeal, the undersigned cannot say that the error here was "inconsequential."

[9] The vocational expert testified with respect to a two-hour standing/walking limitation and a six-hour standing/walking limitation, *see* A.R. 66-68, but not with respect to a four-hour standing/walking limitation.

12

Accordingly, in light of this error, this matter should be remanded for further proceedings.[10]

## IV. CONCLUSION

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 21) be **GRANTED in part**, that the Commissioner's Cross-Motion to Affirm (Docket No. 26) be **DENIED**, and that this matter be remanded for further proceedings.

Dated: July 9, 2019

_____
Nancy J. Koppe
United States Magistrate Judge

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley Unified Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

[10] The undersigned does not opine on the other arguments presented by Plaintiff on appeal. Regardless of the outcome of those arguments, this is not one of the "rare circumstances" in which it is appropriate to simply award benefits. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014). Instead, remand for further proceedings is the appropriate course.