UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ROBERT D. BETTEN,<br><br>        Plaintiff,<br><br> v.<br><br>ANDREW SAUL,<br><br>    Commissioner of Social Security. | Case No. 2:18-cv-0536-KJD-NJK<br><br>**<u>ORDER</u>** |

  Before the Court is a Report and Recommendation (#31), prepared by Magistrate Judge Koppe, which recommends that the Court grant plaintiff Robert Betten's Motion for Reversal and/or Remand (#21) in part and that the Court deny Commissioner Saul's Countermotion to Affirm (#26). Commissioner Saul timely objected to the Magistrate Judge's findings and recommendation (#32), and Betten responded (#33). The Court has conducted a de novo review of the portions of Magistrate Judge Koppe's findings to which Commissioner Saul has objected under 28 U.S.C. § 636(b)(1)(C) and finds that the Report and Recommendation should be ADOPTED and AFFIRMED.

  Commissioner Saul objects to Magistrate Judge Koppe's finding that Administrative Law Judge Cynthia Hooper ("ALJ") errantly determined that Betten's residual functional capacity allowed him to stand for six-hours per day despite multiple doctors' reports that Betten could stand, at most, four hours per day.[1] A social security claimant's residual functional capacity is "the most [he] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545(a), 416.945(a). The ALJ may consider medical evidence, testimony, and the claimant's credibility to determine his

---

[1] The Magistrate Judge also found that the ALJ's determination was not harmless error. Commissioner Saul did not object to that finding, and the Court will not reach it here. See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("the district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise").

functional capacity. See, e.g., Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1226 (9th Cir. 2009). Although residual functional capacity is an administrative determination, the ALJ cannot substitute her own medical opinion for independent clinical findings. See Tackett v. Apfel, 180 F.3d 1094, 1102–03 (9th Cir. 1999); Rohan v. Chater, 98 F.3d 966, 970 (7th Cir. 1996) (An ALJ "must not succumb to the temptation to play doctor and make [her] own independent medical findings"). The Court will uphold the ALJ's determination if it is supported by substantial evidence. 42 U.S.C. § 405(g).

The Commissioner does not dispute that multiple doctors found that Betten was unable to stand more than four hours per day. See, e.g., Physician Report at A.R. 80 (four-hour standing limitation); A.R. 96 (same); A.R. 373 (same); A.R. 563 (two-hour standing limitation); A.R. 570 (same). Instead, the Commissioner argues that other evidence in the record justifies the ALJ's less restrictive six-hour standing limitation. Specifically, Commissioner Saul cites portions of physician's reports that Betten was "neurologically intact without evidence of problems walking" (A.R. 29–33), that Betten did not show signs of "muscle wasting" and did not need a cane to walk (A.R. 371–72); and that Betten's physicians advised him to return to full activity after knee surgery (A.R. 354, 443). That evidence, the Commissioner argues, supports a six-hour per day limitation and not a four- or two-hour limitation.

However, as Magistrate Judge Koppe found, the fact that Betten was "*able* to walk does not explain how *long* he is able to walk or stand." Mag. R&R 11, ECF No. 31 quoting Hystad v. Berryhill, No. C17-1702 RAJ, 2018 WL 4091034, at *3 (W.D. Wash. Aug. 28, 2018) (first emphasis added). None of the medical opinions in this record support a six-hour standing limitation, and the ALJ did not provide sufficient explanation to deviate from the multiple reports that recommended a two- or four-hour limit. Therefore, the Court agrees with the Magistrate Judge's finding that the ALJ's determination is not supported by substantial evidence.

Accordingly, IT IS HEREBY ORDERED that the Magistrate Judge's Report and Recommendation (#31) is **ADOPTED** and **AFFIRMED**. Plaintiff Robert Betten's Motion to Remand to the Social Security Administration (#21) is **GRANTED**, and Commissioner Saul's Countermotion to Affirm the Agency's Decision (#26) is **DENIED**.

This case is hereby **REMANDED** to the Social Security Agency for further proceedings.

Dated this 20th day of August, 2019.

_____
Kent J. Dawson
United States District Judge